UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Eugene Mason,<br><br>    Petitioner,<br><br>vs.<br><br>Christopher Zych, Warden of USP-Lee,<br><br>    Respondent. | ) C/A No. 4:14-3864-DCN-TER<br>)<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>) |

  Petitioner, proceeding pro se, seeks federal habeas relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. As Petitioner is no longer in custody on the conviction he seeks to challenge, this Court is without subject matter jurisdiction over the petition, which is therefore subject to summary dismissal.

**Standard of Review**

  Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th

1

Cir.1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir.1979). This Court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Even under this less stringent standard, however, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990).

## Background and Discussion

Petitioner, a prisoner at the United States Penitentiary in Jonesville, Virginia, herein challenges a state sentence he received in July of 1988 for a state drug offense in General Sessions Court for Orangeburg County, South Carolina. ECF No. 1 at 1. Petitioner indicates he was sentenced to five years, suspended upon service of 8 months with 3 years probation. ECF No. 1.

The proper vehicle for challenging state court convictions is 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). However, the habeas corpus statute requires that a petitioner be "in custody" under the conviction or sentence under attack when the habeas petition is filed:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the

>judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Special Interrogatories were sent to Petitioner by the Court on November 20, 2014. ECF. No. 7. Petitioner responded on December 12, 2012. ECF. No. 9. Petitioner's responses indicate that he has fully completed the imprisonment portion and any probationary sentence ordered by the state court on the conviction he seeks to challenge. He indicates that he was released from imprisonment and/or discharged from probation on the challenged conviction in July of 1991. Thus, Petitioner does not meet the "in custody" requirement of the habeas corpus statute. See Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (holding that a habeas petitioner does not remain " 'in custody' under a conviction after the sentence imposed for it has fully expired ...").

The 'in custody' requirement is jurisdictional, and 'requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490–91). As Petitioner is not "in custody" under § 2254, this Court lacks subject matter jurisdiction to entertain his petition. To the extent that Petitioner argues he is still "in custody" on the 1988 sentence because it was used to enhance his current federal sentence, this argument is without merit. Maleng concerned a similar situation; the Maleng petitioner challenged a former sentence on the grounds that it was used to enhance a later sentence. The Maleng court found "that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the petition in the above-captioned case without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 27, 2015  
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).